MUS2540998.3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYERS EQUIPMENT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:17-cv-00369-LPL |
| ) | |
| v. ) | |
| ) | |
| P. FERGUSON TRANSPORTATION, INC. ) | |
| and PHYLLIS HANEY, individually, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT IN CIVIL ACTION SEEKING REPLEVIN AND OTHER LEGAL AND EQUITABLE RELIEF

Plaintiff, Myers Equipment Corporation, by its undersigned counsel, files this Second Amended Complaint in Civil Action Seeking Replevin and Other Legal and Equitable Relief against Defendants, P. Ferguson Transportation, Inc. and Phyllis Haney, which the following is a statement:

### PARTIES

1. Myers Equipment Corporation ("Myers" or "Plaintiff") is an Ohio corporation with its principal place of business at 8860 Akron Canfield Road, Canfield, Ohio 44406. Myers is in the business of selling and servicing buses and transportation equipment. Myers has customers throughout the United States, including in Pennsylvania, and is registered to do business within the Commonwealth of Pennsylvania.

2. Defendant P. Ferguson Transportation, Inc. ("Ferguson") is a Pennsylvania corporation with an address of 902 Western Avenue, Beaver, Pennsylvania 15009.

3. Defendant Phyllis Haney ("Haney") is an adult individual with an address at 191 Blackhawk Road, Beaver Falls, Pennsylvania 15010.

4. Haney is the President of Ferguson and upon information and belief, majority shareholder and Director of Ferguson.

## JURISDICTION AND VENUE

5. Jurisdiction over the Defendants is based on the diversity of citizenship of the parties and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

## PROCEDURAL BACKGROUND

7. On April 3, 2017, Myers filed an Amended Complaint [Doc. 4] and an Amended Motion for Writ of Seizure Or Other Equitable Relief [Doc. 5] (the "Motion") which included the request for the entry of a writ of seizure for sixteen (16) buses identified as Bus Nos. 22-24, 27-40, and as further described below.

8. On April 24, 2017, Ferguson filed an Opposition to Amended Motion for Writ of Seizure [Doc. 12] and Brief in support thereof [Doc. 13].

9. On April 26, 2017, an evidentiary hearing with respect to the Motion was conducted before the Honorable Magistrate Judge Lisa Pupo Lenihan (the "Hearing").

10. On June 5, 2017, the parties filed a Stipulation Regarding the Amended Motion for Writ of Seizure or Other Equitable Relief [Doc. 32], wherein, Ferguson agreed to surrender and deliver the Buses (as defined herein) to Myers on June 9, 2017, after the posting of a replevin bond by Myers (the "Stipulation").

11. On June 7, 2017, the Honorable Magistrate Judge Lisa Pupo Lenihan entered an Order granting the Stipulation [Doc. 33].

12. Myers posted and filed the required Replevin Bond on June 9, 2017 [Doc. 34].

13. The Honorable Magistrate Judge Lisa Pupo Lenihan entered an Order [Doc. 35] Dismissing as Moot the Amended Motion for Writ of Seizure in light of the Stipulation to Resolve the Amended Motion for Writ of Seizure [Doc. 32] and filing of the Replevin Bond [Doc. 34].

## FACTUAL BACKGROUND

14. From May 2009 through January 28, 2016, Ferguson entered into a series of 17 Sales and Finance Contracts with Myers as more fully described below (the "Bus Contracts"):

| EX | CONTRACT # | DATE OF CONTRACT | SERIAL # | MYERS EQ. # | VEHICLE DESCRIPTION |
|---|---|---|---|---|---|
| A | 22 | 5/26/2009 | 4UZABRDJX8CZ52869 | 24L64 | 2008 Thomas C2 School Bus |
| B | 23 | 7/30/2010 | 4UZAAXAK81CJ22661 | S064 | 2001 Freightliner Bus |
| C | 24 | 7/30/2010 | 4UZAAXAK61CJ22660 | S019 | 2001 Freightliner Bus |
| D | 27 | 7/21/2011 | 4UZABRDT6CCBA0656 | 11L09 | 2012 THOMAS BUS MODEL 340TS |
| E | 28 | 9/6/2011 | 4UZAAXCSX4CL82738 | T117 | 2004 THOMAS SCHOOL BUS |
| F | 29 | 9/6/2011 | 4UZAAXCS84CL82737 | T118 | 2004 THOMAS SCHOOL BUS |
| G | 30 | 7/24/2012 | 4UZAAXCS54CL83523 | VO38 | 2004 THOMAS SCHOOL BUS |
| H | 31 | 7/24/2012 | 4UZAAXCS74CL83524 | VO39 | 2004 THOMAS SCHOOL BUS |
| I | 32 | 7/24/2012 | 4UZAAXCS34CL83522 | VO40 | 2004 THOMAS SCHOOL BUS |
| J | 33 | 7/24/2012 | 4UZAAXCS34CL83519 | VO41 | 2004 THOMAS SCHOOL BUS |
| K | 34 | 9/11/2012 | IFDWE35SORHB18530 | VO71 | 2004 FORD/SUPREME |
| L | 35 | 10/4/2012 | IFDWE35P14HA82651 | VO78 | 2004 FORD CORBELL |
| M | 36 | 8/3/2013 | IGBJG31K291180207 | WO11 | 2009 CHEVROLET BLUEBIRD |
| N | 37 | 3/19/2014 | 4UZABRDT8FCFZ3247 | 14G44 | 2015 THOMAS BUS MODEL 340TS |
| O | 38 | 3/19/2015 | 4UZABRDT8FCFW3665 | 14G06 | 2015 THOMAS SAT-TLINER C2 BUS |
|   | 39 | 7/8/2015 | LT88N3C2951156931 | X134 | 2005 THOMAS Bus |
| P | 40 | 1/28/2016 | 4UZABRDTOGCHH5134 | 15G63 | 2016 THOMAS SAF-T-LINER C2 |

A true and correct copy of each of the Bus Contracts, excluding Contract 39, is attached hereto as Exhibits "A-P".

15. At present, Myers is unable to locate the written Contract 39 for a 2005 Thomas Bus, with a VIN of LT88N3C2951156931 ("Bus 39"), entered into on or around July 8, 2015

("Contract 39"). However, Contract 39 was dated July 8, 2015, for the purchase of Bus 39, with a principal amount of $13,000, an interest rate of 5.25%. and was under the same material terms as the other Bus Contracts. Myers has received no payments due and owing from Ferguson pursuant to Contract 39.

16. In addition, Myers sold to Ferguson vehicle parts and other equipment for the buses purchased under the Contracts (the "Parts") which were ordered by Ferguson and invoiced by Myers. A copy of two outstanding invoices for the Parts are attached and incorporated hereto as Exhibit "Q".

17. Pursuant to the Contracts, Myers agreed to sell to Ferguson the buses/vehicles described in Paragraph 14 above (the "Buses") (collectively, the Buses and the Parts shall collectively be referred to as the "Bus Equipment").

18. Paragraph 9 of the Bus Contracts provides, in relevant part:

TERMINATION BY DEFAULT:

> Seller, at its option, may by written notice to Purchaser, declare this contract in default on the happening of any of the following:
>
> > a. Default by Purchaser in the payment or performance of any of his obligations hereunder.
> >
> > b. A proceeding in bankruptcy or under any law for relief of debts.
> >
> > c. Voluntary assignment of Purchaser's interest herein.
> >
> > d. Involuntary transfer of Purchaser's interest herein by operation of law.
> >
> > e. Expiration of cancellation of any policy of insurance agreed to be paid for the Purchaser.
>
> On declaration by Seller that the contract is in default, the vehicle shall be surrendered and delivered to Seller, and Seller may take possession of it without further notice to Purchaser wherever it

    may be found, with or without process of law, and for that purpose may enter upon the premises of Purchaser or other place where the vehicle is then located and take and carry away the vehicle, to and for which Purchaser gives his authority and permission. Further, in the event of cancellation by the Seller of this contract, all of Purchaser's rights under this contract, including the right to possess and use the vehicle, shall terminate immediately...

See <u>Exhibits "A-P"</u>, Paragraph 9.

  19. Paragraph 10 of the Bus Contracts provides, in relevant part:

  <u>WAIVER:</u> Failure of Seller in any one or more instances to insist on the performance of any of the terms of the provision of the contract to be performed by Purchaser, or the failure by Seller to exercise any right and privilege herein, or the waiver of any terms of the provisions of the contract, shall not thereafter b[e] construed as a waiver of such terms or provision which shall continue in force as if no such waiver had occurred.

See <u>Exhibits A-P</u>, Paragraph 10.

  20. In consideration of the sale and transfer of the Bus Equipment from Myers to Ferguson, Ferguson was required to make monthly payments to Myers. See <u>Exhibits A-P</u>.

  21. Ferguson experienced financial difficulties for a number of years, resulting in its inability to make the full monthly payments which were specified to be made under the Contracts on a monthly basis. For a significant period of time, Ferguson paid less than the amount required by the Contracts and other bus contracts, resulting in the accrual of a significant debt owed to Myers.

  22. Ferguson admits it made payments which were less than the amounts specified by the Contracts for years, resulting in the accumulation of a substantial debt which was in the principal amount of $676,639.51 as of June 10, 2016. A copy of a spreadsheet prepared by Plaintiff and accepted by Defendants to revise the monthly payment amounts in an effort to pay down the debt is identified as "Option I-V and attached and incorporated hereto as <u>Exhibit "R"</u>.

23. Without waiving its rights to seek the full amounts owed, Myers did not declare Ferguson in default as long as Ferguson continued to make a certain minimum level of monthly payments.

24. During this time, Myers reduced the interest rate (adjusted down for contracts 22-35) to help accommodate Ferguson's financial difficulties, without modifying any other term of the Contracts.

25. Ferguson admits that pursuant to the term of the Contracts, Ferguson owed no less than $17,826.13 per month in 2016.

26. Ferguson admits that at no time did Ferguson make a payment in the amount of $17,826.13 in 2016 prior to September 2016. A copy of payments made by Ferguson to Myers prepared by Ferguson identified as "P Ferguson Transportation Co Inc Register QuickReport" is attached and incorporated hereto as Exhibit "S".

27. On or about July 2016, the parties engaged in discussions to potentially amend the Contracts, where Ferguson agreed to make a onetime lump sum payment of $10,000 in August 2016, and then increased monthly payments in the amount of $19,104.06 per month over a term of 36 consecutive months (including payments during the 3 summer months), to attempt to reduce the significant debt owed to Myers. See Exhibit "R".

28. The parties entered into an agreement to modify solely the monthly payment amounts to be made under the Contracts, while preserving all other terms of the Contracts.

29. Ferguson elected to agree to these payment terms after review and consideration with its Counsel.

30. Ferguson documented its agreement to pay the amounts in Option 1A in a July 19, 2017 email sent by Counsel for Ferguson. A copy of an email with between Craig Myers,

President of Plaintiff, and Counsel for Ferguson wherein Ferguson agreed to the revised payment terms, is attached and incorporated hereto as Exhibit "T". No further modifications were made to the Contracts, which remain controlling, and its terms are in full force and effect, with the sole adjustments being the amount of the monthly payment and interest rate.

31. Ferguson made the lump sum payment of $10,000 in August of 2016, and began making payments of $19,104.06 per month from September 2016 through January 2017, when Ferguson ceased making payments.

32. Ferguson admits the legal terms of the Contracts continue to remain in full force and effect at all times material hereto and such amended or revised documents were never drafted.

33. Ferguson admits that it was required to make a payment of $19,104.81 each and every month under the Contracts beginning in September 2016, for a period of 36 months.

34. Despite demand, Ferguson has failed to make the payments due under each of the Contracts in February, March, April, May, June and July of 2017.

35. Ferguson admits that it received the March 8, 2017 Default Notice Letter. A copy of the March 8, 2017 Default Notice Letter from Myers to Ferguson is attached hereto and incorporated as if set forth herein as Exhibit "U".

36. Ferguson's failure to make the required payments due under the Contracts for February through July of 2017 constitutes an event of default under each of the Contracts.

37. As a result of default under the Contracts, Myers is entitled to immediate possession of the Buses pursuant to Paragraph 9 of the Contracts as more fully set forth above.

38. Upon information and belief, the current value of the Buses is as follows:

| Note # | Unit # | Year and Model | Value of Equipment |
|---|---|---|---|
| 22 | 27L64 | 2008 Thomas | $ 8,000.00 |
| 23 | S064 | 2001 Thomas | $ 1,000.00 |
| 24 | S019 | 2001 Thomas | $ 1,000.00 |
| 27 | 11L09 | 2012 Thomas | $ 32,000.00 |
| 28 | T117 | 2004 Thomas | $ 1,600.00 |
| 29 | T118 | 2004 Thomas | $ 1,600.00 |
| 30 | V038 | 2004 Thomas | $ 1,600.00 |
| 31 | V039 | 2004 Thomas | $ 1,600.00 |
| 32 | V040 | 2004 Thomas | $ 1,600.00 |
| 33 | V041 | 2004 Thomas | $ 1,600.00 |
| 34 | V071 | 2004 Ford/ Supreme | $ 1,500.00 |
| 35 | V078 | 2004 Ford / Corbiel | $ 700.00 |
| 36 | W011 | 2009 Chev/ Blue Bird | $ 4,100.00 |
| 37 | 14G44 | 2015 Thomas | $ 40,000.00 |
| 38 | 14G06 | 2015 Thomas | $ 43,000.00 |
| 39 | X134 | 2005 Thomas | $ 3,500.00 |
| 40 | 15G63 | 2016 Thomas | $ 68,000.00 |

### COUNT I – REPLEVIN
### Myers v. Ferguson

39. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth at length herein.

40. From May 2009 through January 28, 2016, Ferguson entered into a series of 17 Bus Contracts, included as Exhibits "A-P".

41. Pursuant to the Bus Contracts, Ferguson agreed that upon an event of default, Ferguson would immediately surrender and deliver possession of the Bus Equipment to Myers.

42. Myers made demand upon Ferguson to surrender and deliver possession of the Bus Equipment to Myers.

43. After the Hearing, the parties agreed to the entrance of a Stipulation Regarding the Amended Motion for Writ of Seizure or Other Equitable Relief [Doc. 32] that was filed on June 5, 2017, wherein, Ferguson agreed to a prejudgment surrender and delivery of the Buses

which were the subject of the Motion for Replevin to Myers on June 9, 2017, after the posting of a replevin bond by Myers.

44. Ferguson surrendered possession of the Buses on or around June 9, 2017, with the exception of Bus 39, which was not included in the Motion for Replevin.

45. Myers seeks an entry of judgment for replevin.

WHEREFORE, Plaintiff, Myers Equipment Corporation request that this Honorable Court enter judgment in its favor and against Ferguson for the following:

A. That Myers is entitled to retain possession of the Buses currently in Myers' possession;

B. That Myers is entitled to possession of Bus 39, currently in Ferguson's possession;

C. That Myers is entitled to obtain title to the Buses;

D. Special damages sustained as a result of Ferguson's wrongful conduct in an amount to be determined at the time of trial or hearing;

E. Pre-judgment and post-judgment interest;

F. Costs of suit and expenses of collection; and

G. Such other relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### Myers v. Ferguson

46. Myers incorporates by reference the preceding paragraphs as if they were fully set forth at length herein.

47. Myers and Ferguson entered into the Contracts whereby Ferguson agreed to purchase the Bus Equipment, and would make monthly payments to Myers for the use and enjoyment of the Bus Equipment.

48. Ferguson fell substantially in arears under the Contracts and other contracts with Myers, resulting in a significant debt owed by Ferguson to Myers.

49. At all times, the parties' practice was to apply any payments made to the oldest debt outstanding of Ferguson.

50. The remaining debt owed by Ferguson is for the Contracts.

51. Ferguson's failure to make the required payments due under the Contracts for February through July of 2017 constitutes an event of default under each of the Contracts.

52. Myers has provided to the Ferguson invoices setting forth the amounts due and owing with respect to Contracts, and yet Ferguson has refused to pay the balance due and owing to the Myers.

53. Myers has been damaged as a direct and proximate cause of Ferguson's failure to pay under the Contracts.

WHEREFORE, Plaintiff Myers Equipment Corporation demands judgment against the Defendant P. Ferguson Transportation, Inc. for an amount in excess of $75,000, plus interest and costs as they continue to accrue, and other amounts due and owing to Myers Equipment Corporation and any other relief this Court deems just and appropriate.

### COUNT III – UNJUST ENRICHMENT/QUANTUM MERUIT
### (in the alternative to Count II)
### Myers v. Ferguson

54. Myers incorporates by reference the preceding paragraphs as if they were fully set forth at length herein.

55. Myers provided Ferguson with the use and enjoyment of the Bus Equipment with the understanding that Myers would be paid by Ferguson for the Bus Equipment.

56. Ferguson has been unjustly enriched as a result of its use and enjoyment of the Bus Equipment.

57. Ferguson knowingly and voluntarily accepted the Bus Equipment from Myers, used it in the course of its business to earn revenue, but has failed to pay for the use of the Bus Expense, at the expense of Myers.

58. Myers provided its Bus Equipment based on the belief that an agreement existed whereby Ferguson would pay Myers for the Bus Equipment. Myers would not have provided the Bus Equipment to Ferguson otherwise.

59. Myers did not provide the Bus Equipment as a gift or gratuity to Ferguson; nor were the Bus Equipment delivered to discharge any obligation.

60. Ferguson knowingly and voluntarily agreed and received the benefit of the Bus Equipment from Myers.

61. By virtue of these facts, only to the extent this Court determines an express contract does not control, an implied agreement arose whereby Ferguson is liable for the value of the Bus Equipment it received from Myers.

62. Myers has been damaged as a direct and proximate cause of Ferguson's failure to pay for the Bus Equipment.

63. Denial of Myers' claim would unjustly enrich Ferguson.

WHEREFORE, Plaintiff Myers Equipment Corporation demands judgment against the Defendant P. Ferguson Transportation, Inc. for an amount in excess of $75,000, plus interest and costs as they continue to accrue, and other amounts due and owing to Myers Equipment Corporation and any other relief this Court deems just and appropriate.

## COUNT IV – DECLARATORY JUDGMENT
### Myers v. Ferguson

64. Myers incorporates by reference the preceding paragraphs as if they were fully set forth at length herein.

65. Pursuant to the terms of the Contracts, Ferguson was required to make monthly payments to Myers.

66. Pursuant to the terms of the Contracts, Ferguson has failed to make payments to Myers, resulting in a default under the Contracts.

67. Despite having admitted that it owed $19,104.81 per month beginning on September 2016 under the Contracts and that Ferguson stopped making payments in February of 2017, as set forth in Exhibits "R-T", Ferguson has made contradictory statements wherein it disputes that it has defaulted on the Contracts with respect to its non-payment to Myers.

68. An actual controversy exists between Myers and Ferguson as to the amounts owed by Ferguson to Myers.

69. An actual controversy exists between Myers and Ferguson as to whether a default of the Contracts provides Myers with the right to obtain title and possession of the Buses.

**WHEREFORE**, Plaintiff, Myers Equipment Corporation respectfully request that:

a. This Court enter judgment that Myers is entitled to all damages suffered because of the Ferguson's breaches of Contracts, in an amount in excess of $75,000 plus interest and costs which continue to accrue; and,

b. This Court enter a judgment declaring:

   (1) the Contracts require that Ferguson make payments to Myers for the use of the Bus Equipment, in the current amount of $19,104.81 per month;

   (2) Ferguson defaulted under the Contracts by failing to make payments to Myers for the use of the Bus Equipment;

   (3) Myers is entitled to title and possession of the Buses; and

        (4)        This Court award any other relief it deems just and proper and any other relief or damages permitted by law.

### COUNT V – FRAUDULENT TRANSFER – (PA.C.S.A. § 5105)
### Myers v. All Defendants

70. Myers incorporates by reference the preceding paragraphs as if they were fully set forth at length herein.

71. Upon information and belief, Ferguson transferred assets to Ms. Haney as an attempt to escape liability from Ferguson's creditors, including but not limited to Myers, and the interests of these and other creditors in such assets.

72. Upon information and belief, the transfer of some or all of the assets held by Ferguson to Haney was made without adequate consideration, and provisions were not made for the creditors of Ferguson, including Myers.

73. Upon information and belief, the transfers to Ms. Haney were made without adequate consideration and provisions were not made for the creditors of Ferguson, including but not limited to Myers.

74. Upon information and belief, Ferguson did not receive reasonably equivalent value from Ms. Haney in exchange for the transfer of said assets.

75. Upon information and belief, Ferguson was insolvent as defined by 12 Pa.C.S.A. § 5102 at the time of the transfer of said assets and/or became insolvent as a result of the transfer of said assets.

**WHEREFORE**, Myers Equipment Corporation demands judgment against Defendant, P. Ferguson Transportation, Inc. and Phyllis Haney, pursuant to the provisions of 12 Pa.C.S.A § 5105, and requests the relief provided under and requests the relief provided under 12 Pa.C.S.A § 5107 as follows:

a. Judgment against the Defendants, jointly and severally, in an amount in excess of $75,000 plus interest and costs which continue to accrue; and;

b. avoidance of the transfers to the extent necessary to satisfy Plaintiff's claims as set forth herein;

c. an attachment or other provisional remedy against the interest allegedly transferred in accordance with the applicable rules of civil procedure;

d. an injunction against further disposition of the assets transferred;

e. appointment of a receiver to take charge of the asset transferred; and

f. such other and further relief which this Court deems appropriate and just.

### COUNT VI – FRAUDULENT TRANSFER – (PA.C.S.A. § 5104)
### Myers v. All Defendants

76. Myers incorporates by reference the preceding paragraphs as if they were fully set forth at length herein.

77. At all relevant times, Ferguson was in default of its obligations to Myers.

78. Upon information and belief, numerous liens have been entered against Ferguson and/or Ms. Haney at all relevant times, including but not limited to tax liens.

79. As admitted by Ferguson, Ferguson experienced financial difficulties for a number of years, and was not paying its debts as they became due.

80. Upon information and belief, Ferguson transferred assets to specific individuals, and has picked and chosen which creditors it desired to pay.

81. Upon information and belief, the transfer of assets was an attempt to escape liability from Ferguson's creditors, including but not limited to Myers.

82. Upon information and belief, the transfer of some or all of the assets held by Ferguson to Haney was made without adequate consideration, and provisions were not made for the creditors of Ferguson, including Myers.

83. Ms. Haney did not receive reasonably equivalent value from Ferguson in exchange for the transfer of any assets.

84. At all relevant times, upon information and belief, Ferguson was insolvent.

85. Ferguson transferred said assets and Ms. Haney received and accepted said assets, with the actual intent of hindering, delaying and defrauding Myers.

**WHEREFORE**, Myers Equipment Corporation demands judgment against Defendants P. Ferguson Transportation, Inc. and Phyllis Haney, pursuant to the provisions of 12 Pa.C.S.A § 5104, and requests the relief provided under 12 Pa.C.S.A § 5107 as follows:

a. Judgment against the Defendants, jointly and severally, in an amount in excess of $75,000 plus interest and costs which continue to accrue; and;

b. avoidance of the transfers to the extent necessary to satisfy Plaintiff's claims as set forth herein;

c. an attachment or other provisional remedy against the interest allegedly transferred in accordance with the applicable rules of civil procedure;

d. an injunction against further disposition of the assets transferred;

e. appointment of a receiver to take charge of the asset transferred; and

f. such other and further relief which this Court deems appropriate and just.

### COUNT VII – BREACH OF FIDUCIARY DUTY
### Myers v. Haney

86. Myers incorporates by reference the preceding paragraphs as if they were fully set forth at length herein.

87. As President of Ferguson, Ms. Haney owed a fiduciary duty to Myers to protect its interests while Ferguson was insolvent.

88. As President of Ferguson, and having been entrusted with the payments from the Beaver Area School District for use of the Bus Equipment and assets of Ferguson, Ms. Haney owed a fiduciary duty to ensure that the correct application and payment for the use of the Bus Equipment to Myers was made.

89. Upon information and belief, Ms. Haney failed to ensure that Ferguson used these funds it received to pay its creditors, including Myers.

90. Upon information and belief, Ms. Haney used these funds in whole or in part to direct payments to and favor certain creditors and lenders instead of applying the funds to Myers for use of the Bus Equipment.

91. As a result of the misappropriation of the funds, Ms. Haney breached her fiduciary duty to Myers and other creditors.

92. As a direct and proximate result of Ms. Haney's actions, Myers has sustained damages in an amount in excess of $75,000, plus interest and costs as they continue to accrue.

WHEREFORE, Plaintiff, Myers Equipment Corporation respectfully requests judgment in their favor and against Defendant Phyllis Haney, in an amount in excess of $75,000, plus interest and costs as they continue to accrue, and other amounts due and owing to Myers Equipment Corporation and any other relief this Court deems just and appropriate.

## COUNT VIII – PIERCING THE CORPORATE VEIL
### Myers v. All Defendants

93. Myers incorporates by reference the preceding paragraphs as if they were fully set forth at length herein.

94. Upon information and belief, Ms. Haney has failed to segregate and have used Ferguson's corporate funds for improper personal expenses and disbursements, rather than make payments to creditors.

95. Upon information and belief, Ferguson fails to adhere to corporate formalities.

96. Upon information and belief, Ferguson intermingled personal and corporate finances and affairs with those of Ms. Haney.

97. Upon information and belief, Ferguson attempts to improperly use the corporate form to attempt to perpetrate a fraud upon unsuspecting creditors such as Myers.

98. Upon information and belief, Ferguson is the alter ego for Ms. Haney.

99. As a result of the aforesaid, Ms. Haney is personally liable for the breach of contract and in all Counts asserted against Ferguson in this Complaint and Myers request that judgment be entered against the same.

**WHEREFORE**, Plaintiff, Myers Equipment Corporation respectfully requests judgment in their favor and against Defendants P. Ferguson Transportation, Inc. and Phyllis Haney, jointly and severally, in an amount in excess of $75,000 plus interest and costs which continue to accrue, and such other relief as the Court deems appropriate.

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

By: */s/ Jason M. Yarbrough*
    Robert E. Dauer, Jr., Esquire
    Pa. I.D. # 61699
    red@muslaw.com
    Jason M. Yarbrough, Esquire
    Pa. I.D. #93160
    jmy@muslaw.com
    Caleb M. Turner, Esquire
    Pa. I.D. #319912
    cmt@muslaw.com
    Gary M. Sanderson, Esquire
    Pa. I.D. #313591
    gms@muslaw.com

535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
(412) 456-2800

ATTORNEYS FOR PLAINTIFF

- 19 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 14th, 2017, a true and correct copy of the within Second Amended Complaint was filed electronically pursuant to the Court's electronic filing procedures and will be served on all parties via the Court's CM/ECF system, and Defendant Phyllis Haney at one of the following addresses by Hand-Delivery if service is not accepted by counsel:

Phyllis Haney
191 Blackhawk Road
Beaver Falls, Pennsylvania 15010

Phyllis Haney
902 Western Avenue
Beaver, Pennsylvania 15009


*/s/ Jason M. Yarbrough*