#22

## SALES AND FINANCE CONTRACT

Myers Equipment Corporation, 8860 Akron Canfield Road, Canfield, Ohio 44406, agrees to sell the following equipment. See below for description and terms.

DESCRIPTION:   2008 THOMAS C2 SCHOOL BUS

Serial #   4UZABRDJX8CZ52869
Myers Equipment #   27L64

PURCHASER:   P. FERGUSON TRANSPORTATION
P.O. BOX 462
BEAVER, PA   15009

METHOD OF PAYMENT: Payments shall extend for sixty (60) months. Payments shall be made on the first of each month to Myers Equipment Corporation, 8860 Akron Canfield Road, Canfield, Ohio 44406.

Selling Price         $70,000.00

Sales Tax:            EXEMPT

Total Selling Price:  $70,000.00

Less Down Payment:    -0-

Total Financed Price: $70,000.00   NOTE #22

Interest Rate:        8%

Monthly Payment:      $1,901.09

First Payment Due:    JUNE, 2009

Effective Date Of Contract:   MAY 26, 2009
                  45 MONTHLY PAYMENTS
Term Of Contract:   NO PAYMENT DUE
       JULY, AUGUST OR SEPTEMBER
       5 YEAR CONTRACT

-1-

EXHIBIT A

1. EXPENSES, FEES AND TAXES:
The Purchaser shall pay any and all expenses, fees and charges incurred in connection with the titling, licensing and registration of the vehicle and for the use and operation of the vehicle, including, but not limited to, gasoline, oil, grease, repairs, maintenance, parts and replacement, tires, tubes, storage, parking, tolls, fines, registration and license fees and tags and all taxes of any kind or description whatsoever, wherever levied or payable, other than federal, state or local income taxes, on or relating to the vehicle sold hereunder and the purchase, sale, rental, use or operation thereof.

2. DELIVERY AND SURRENDER:
Seller shall use all reasonable diligence to delivery to Purchaser the vehicle hereunder, but Seller shall not be liable to Purchaser for any failure or delay in obtaining the vehicle or making delivery.

3. MAINTENANCE AND CONDITION:
Purchaser shall provide and pay for all maintenance in keeping with manufacturer's recommendations as listed in the owner's manual. All service, materials and repairs in connection with the use and operation of the vehicle, included but not limited to, gasoline, oil, batteries, body and engine repairs, tires and towing are at Purchaser's sole cost and expense.

4. USE AND OPERATION OF VEHICLE:
The vehicle shall be operated by a safe, competent and licensed driver. The Purchaser shall use or permit the use of the vehicle only for lawful purpose wholly within the continental United States. Purchaser shall comply with all applicable requirements of the law relative to the registration, insurance, operator's licenses, use and operation of motor vehicles, and with all provisions and conditions of policies of insurance on the vehicle.
Purchaser shall not use or permit the use of the vehicle for transportation of goods, materials, or persons for hire, or for the transportation of any material deemed hazardous by reason of being explosive or flammable.

5. INSURANCE AND RISK OF LOSS:
Purchaser, at his own expense, shall at all times during the contract term insure and keep insured, the vehicle against liability in the limits of not less that $250,000.00 for any one person and not less than $500,000.00 for more than one person in any one accident or occurrence and not less than $50,000.00 for damage to property of others in any one accident of occurrence and collision insurance with a maximum deductible of $250.00. All insurance policies on the vehicle shall name the Seller and Purchaser's assigns, if any, as insureds, as their interests may appear, and shall furnish the Seller with copies of policies or certificates of the insurance required hereunder. Purchaser will

promptly notify Seller of any accident of occurrence that may result in an insurance claim. All insurance policies shall contain a provision requiring the insurer to give Seller at least ten (10) days written notice in advance of any cancellation of said insurance policies. Purchaser shall bear all risk of damage or loss of the vehicle or any portions there of not covered by insurance.

In the event of loss or destruction of the vehicle or it's damage beyond repair, the Purchaser shall promptly notify the Seller and hold the vehicle or any wreckage available for disposal by Seller. The seller shall cause the vehicle or any wreckage to be sold or otherwise disposed of as soon as practicable. Thereupon, the Seller shall render a statement to the Purchaser showing the amount due from Purchaser to Seller in final settlement for such vehicle, which shall be computed on a basis of Seller's capitalized costs of the vehicle less proceeds of insurance and salvage value, if any, received, plus expenses incurred by Seller in disposing of the vehicle, which amount shall be paid by Purchaser to Seller within thirty (30) days.

Purchaser shall pay and reimburse Seller for the retail market value of the vehicle, for any vehicle confiscated by any governmental agency, or other expense or damage incurred as a result thereof, whenever such confiscation or expense is caused by the illegal use of such vehicle by the Purchaser.

6. INDEMNITY:
The Seller does not assume any liability for any actions or omissions of the Purchaser or the Purchaser's drivers, agents or employees. Purchaser agrees to indemnify Seller, it's officer agents, employees and assigns, and to hold them harmless: A) against any and all claims, losses, actions, judgements, injuries, damages, penalties, costs and expenses, including reasonable attorneys' fees of any kind or nature whatsoever arising from the use, condition, maintenance, repair and/or operation of the financed vehicle: B) for any and all costs, expenses and attorney fees incurred by Seller, his employees, agents, or assigns, in any action, claim or proceeding whatsoever brought in connection with or under this Finance Agreement, including but not limited to specified, incidental and/or liquidated damages as established or approved under this agreement, specified performance, or for recovery of possession of the financed vehicle: C) for any and all repossession charges and other recovery costs, including but not limited to towing, storage, transportation expenses, meals and lodging.

7. WARRANTIES:
Seller makes no warranty or representation, express or implied, as to the fitness, safeness, design, condition, quality, capacity, material or workmanship of the vehicle, nor any warranty

that the vehicle will satisfy the requirements of any law or regulation, or any contract specifications, all such risks being borne, as between Seller and Purchaser, by Purchaser at his sole risk and expense. Any warranties, express or implied, are those given by the manufacturer of the vehicle, a copy of which has been delivered to Purchaser. Purchaser shall not name or involve the Seller in any claim or action against the manufacturer upon such warranties.

8. INSPECTION:
The Purchaser will permit the Seller at all reasonable time to inspect and examine the vehicle.

9. TERMINATION BY DEFAULT:
Seller, at it's option, may by written notice to Purchaser, declare this contract in default on the happening of any of the following:
    a. Default by Purchaser in the payment or performance of any of his obligations hereunder.
    b. A proceeding in bankruptcy or under any law for relief of debts.
    c. Voluntary assignment of Purchaser's interest herein.
    d. Involuntary transfer of Purchaser's interest herein by operation of law.
    e. Expiration of cancellation of any policy of insurance agreed to be paid for the Purchaser.

On declaration by Seller that the contract is in default, the vehicle shall be surrendered and delivered to Seller, and Seller may take possession of it without further notice to Purchaser wherever it may be found, with or without process of law, and for that purpose may enter upon the premises of Purchaser or other place where the vehicle is then located and take and carry away the vehicle, to and for which Purchaser gives his authority and permission. Further, in the event of cancellation by the Seller of this contract, all of Purchaser's rights under this contract, including the right to possess and use the vehicle, shall terminate immediately.

Purchaser shall be liable for, and promptly pay to Seller, in addition to any past due payments and such other damages as may be established or accrued under this agreement, as liquidated damages the rental for the balance of the term of this contract. Seller shall have no duty to relet the vehicle and any such reletting, if any, shall not release Purchaser from any obligation hereunder except to the extend that the liquidation of additional damages shall be decreased by the amount of such rental actually received upon the reletting.

The rights and remedies of Seller hereunder are not exclusive, but cumulative and in addition to all rights and remedies provided by law or in equity, and the exercise of any right or remedy shall not preclude the exercise of any other right or remedy.

10. WAIVER:
Failure of Seller in any one or more instances to insist on the performance of any of the terms of provision of the contract to be performed by Purchaser, or the failure by Seller to exercise any right and privilege herein, or the waiver of any terms of provisions of the contract, shall not thereafter by construed as a waiver of such terms or provision which shall continue in force as if no such waiver had occurred.

11. NOTICES:
Any notice to be given hereunder shall be deemed given when sent by regular or certified mail, or by delivery, to the address herein of the party to be notified.

12. CHOICE OF LAW:
This contract shall be governed by and construed under the laws of the State of Ohio.

13. BINDING EFFECT:
This Agreement shall be binding upon and inure to the benefit of the parties hereto, their successors, legal representative and assigns.

14. ADDENDUM:
At the expiration of the sixty (60) month contract, the Seller shall turn the title over to the Purchaser with a clean title.

IN WITNESS WHEREOF, the parties have executed this contract on the day and year first above written.

GUARANTEE OF PURCHASER'S PERFORMANCE: On this 28 day of OCTOBER, 20 09, in consideration of Seller's acceptance and execution of this agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned Guarantor hereby guarantees the payment of this contract and performance by Purchaser, Purchaser's heirs, executors, administrators, successors or assigns of all covenants and agreements of the above contract.

SELLER: MYERS EQUIPMENT CORPORATION       PURCHASER: D. FERGUSON TRANSPORTATION
_Craig L Myers_, President
Title                                      Title

Sworn to before me and subscribed in my presence this 28 day of OCTOBER, 20 09.

_Linda McKinney_
Notary Public
My Commission Expires: JANUARY 11, 2010

-5-