IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYERS EQUIPMENT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:17-cv-00369-LPL |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| P. FERGUSON TRANSPORTATION, INC. and PHYLLIS HANEY, individually, | ) | ***This document was electronically filed.*** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS RAISED BY P. FERGUSON TRANSPORTATION, INC.**

Plaintiff Myers Equipment Corporation ("Myers" or the "Plaintiff"), by and through its attorneys, states that it has a full, just and complete defense to the claims set forth in the Answer, Affirmative Defenses and Counterclaim to the 2nd Amended Complaint in Civil Action Seeking Replevin and Other Legal and Equitable Relief ("Counterclaim") filed by P. Ferguson Transportation, Inc. ("P. Ferguson" or "Defendant"):

**COUNTERCLAIM/SET-OFF**

**Count I – Tortious Interference**

114. Paragraph 114 of the Counterclaim is a Paragraph of incorporation to which no response is required.

115. The averments contained in Paragraph 115 of the Counterclaim make reference to a writing which speaks for itself. Therefore, said averments are denied and strict proof thereof is demanded.

116. The averments contained in Paragraph 116 of the Counterclaim make reference to a writing which speaks for itself. Therefore, said averments are denied and strict proof thereof is demanded.

117. After reasonable investigation, Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Counterclaim, and on that basis denies such allegations.

118. Plaintiff admits that it was aware that Ferguson had a competitor. The remaining averments are denied.

119. After reasonable investigation, Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Counterclaim, and on that basis denies such allegations.

120. To the extent that Paragraph 120 implies that Plaintiff knew in the summer of 2016 that Defendant would not be awarded a Bus Contract for the Fall 2017 school year, such averments are denied and strict proof thereof is demanded. By way of further response, it is only admitted that Plaintiff received written notice in February 2017 that the BASD Board had not awarded a Bus Contract to Ferguson in the Board's January 2017 meeting. All other averments are denied and strict proof thereof is demanded.

121. Denied as stated and strict proof thereof is demanded. Plaintiff did not desire that any particular company obtain the transportation contract with BASD.

122. Denied and strict proof thereof is demanded. Plaintiff wanted Ferguson to pay off its obligations to Plaintiff.

123. Denied and strict proof thereof is demanded.

124. The averments contained in Paragraph 124 of the Counterclaim make reference to a writing which speaks for itself. Therefore, said averments are denied and strict proof thereof is demanded.

125. Paragraph 125 refers to an unidentified section of a written document which speaks for itself. Therefore, Paragraph 125 is denied.

126. To the extent the averments of the Paragraph 126 of the Counterclaim are conclusions of law, no answer is required. To the extent a response is required, such conclusions are denied and strict proof thereof is demanded. By way of further response, Plaintiff only admits that Mr. Myers attended a meeting which included representatives from BASD, and Mr. Myers provided BASD with accurate information pursuant to an audit authorized by Ferguson in its contract with BASD. The remaining averments are denied and strict proof thereof is demanded.

127. The averments of the Paragraph 127 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 127 and requests strict proof thereof at trial.

128. The averments of the Paragraph 128 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 128 and requests strict proof thereof at trial.

129. After reasonable investigation, Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Counterclaim, and on that basis denies such allegations.

130. After reasonable investigation, Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Counterclaim, and on that basis denies such allegations.

131. The averments of the Paragraph 131 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Counterclaim, and on that basis denies such allegations.

132. The averments of the Paragraph 132 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff lacks knowledge and

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Counterclaim, and on that basis denies such allegations.

133. The averments of the Paragraph 133 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Counterclaim, and on that basis denies such allegations.

134. The averments of the Paragraph 134 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Counterclaim, and on that basis denies such allegations.

135. The averments of the Paragraph 135 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 135 and requests strict proof thereof at trial.

136. The averments of the Paragraph 136 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 136 and requests strict proof thereof at trial.

137. The averments of the Paragraph 137 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 137 and requests strict proof thereof at trial.

138. The averments of the Paragraph 138 are denied as stated. It is admitted that Ferguson provided bus service to BASD for the 2016-17 school year. It is denied as stated that "Ferguson was thus able", and any implications from that terminology.

139. It is admitted only that Defendant's contract with BASD was not renewed. Upon information and belief, BASD decided to award the BASD contract to a competitor of Ferguson,

Frye Transportation, as a BASD Board meeting in January of 2017. By way of further response, it is only further admitted that Frye Transportation purchased some bus equipment from Myers, and purchased other quoted bus equipment from another third-party supplier. Plaintiff lacks knowledge and information sufficient to form a belief as to whether Frye Transportation utilized the equipment it purchased to service the BASD contract, and therefore denies any further allegations. Any remaining averments not expressly admitted are denied.

140. The averments of the Paragraph 140 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 140 and request strict proof thereof at trial.

141. The averments of the Paragraph 141 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Counterclaim, and on that basis denies such allegations.

142. The averments of the Paragraph 142 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 142 and requests strict proof thereof at trial.

143. The averments of the Paragraph 143 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 143 and requests strict proof thereof at trial.

144. The averments of the Paragraph 144 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 144 and requests strict proof thereof at trial.

145. The averments of the Paragraph 145 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in

Paragraph 144 and requests strict proof thereof at trial.

WHEREFORE, Counterclaim-Defendant Myers Equipment Corporation denies that P. Ferguson Transportation is entitled to the relief sought in Counterclaim/Setoff and demands that judgment be entered in its favor and against P. Ferguson Transportation, that the Counterclaim/Setoff be dismissed with prejudice, and that Counterclaim-Defendant Myers Equipment Corporation be awarded its costs incurred in this action and any other relief that is appropriate and just under the circumstances.

**Count II – Accounting**

144. Paragraph 144 of the Counterclaim is a Paragraph of incorporation to which no response is required.

145. The averments of the Paragraph 145 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 145 and requests strict proof thereof at trial.

146. The averments of the Paragraph 146 of the Counterclaim are conclusions of law to which no answer is required. To the extent a response is required, Plaintiff denies said allegations in Paragraph 146 and requests strict proof thereof at trial.

147. Denied and strict proof thereof is demanded. Defendant has previously reviewed the amounts due and owing to Plaintiff, with the aid of counsel, and has approved such payments.

WHEREFORE, Counterclaim-Defendant Myers Equipment Corporation denies that P. Ferguson Transportation is entitled to the relief sought in Counterclaim/Setoff and demands that judgment be entered in its favor and against P. Ferguson Transportation, that the Counterclaim/Setoff be dismissed with prejudice, and that Counterclaim-Defendant Myers Equipment Corporation be awarded its costs incurred in this action and any other relief that is appropriate and just under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Ferguson agreed and provided BASD the ability to review and audit Ferguson's financial books pursuant to a May 21, 2012 School Contract.

### SECOND DEFENSE

BASD exercised its right under the contract to review the status of Ferguson's account with Myers, as set forth in its letter of April 13, 2016 to Ferguson. A true and correct copy of the April 13, 2016 letter is attached hereto as Exhibit "1" and incorporated by reference herein.

### THIRD DEFENSE

In response, Ferguson provided BASD with financial statements and profit and loss statements, among other documents, in a May 5, 2016 letter, but omitted other information requested by BASD. A true and correct copy of the May 5, 2016 letter is attached hereto as Exhibit "2" and incorporated by reference herein.

### FOURTH DEFENSE

Ferguson did not provide BASD with information regarding its accounts payable and delinquencies, prompting BASD to send a second letter to Ferguson, requesting this information on May 17, 2016. A true and correct copy of the May 17, 2016 letter is attached hereto as Exhibit "3" and incorporated by reference herein.

### FIFTH DEFENSE

On May 31, 2016, BASD further exercised its rights to do an audit of Fergusons books, records and reports. A true and correct copy of the May 31, 2016 letter is attached hereto as Exhibit "4" and incorporated by reference herein.

### SIXTH DEFENSE

As a result of Ferguson providing information to BASD about payment arrangements which sounded "unusual", and not because of any action of Myers, BASD performed its audit of Ferguson's books, as stated in BASD's June 24, 2016 letter to Ferguson. A true and correct copy of the June 24, 2016 letter is attached hereto as Exhibit "5" and incorporated by reference herein.

**SEVENTH DEFENSE**

Any information provided by Myers to BASD, was pursuant to BASD's audit of Ferguson's books and records, which Ferguson agreed to in its agreement with BASD.

**EIGHTH DEFENSE**

BASD exercised a contractual right in its agreement with Ferguson to audit Ferguson's financial books, records and reports.

**NINTH DEFENSE**

In July 2016, the parties engaged in discussions to address the substantial balance. Ferguson agreed to make a one-time lump sum payment of $10,000 in August 2016, and then increased monthly payments in the amount of $19,104.06 per month over a term of 36 consecutive months (including payments during the 3 summer months), to attempt to reduce the significant debt owed to Myers.

**TENTH DEFENSE**

The parties only modified the amount of monthly payments to be made under the Contracts, while preserving all other terms of the Contracts.

**ELEVENTH DEFENSE**

The negotiation and agreement reached on these terms occurred while Ferguson was represented by counsel, who is currently one of Ferguson's litigation counsel in this case.

**TWELFTH DEFENSE**

On July 19, 2016, Ferguson's counsel confirmed in writing to Plaintiff that Ferguson accepted Option 1-A (Exhibit "R" to Plaintiff's Second Amended Complaint), and even drafted the proposed letter for Plaintiff to send to BASD confirming that Ferguson thus was not in default of its agreement with Myers. A true and correct copy of an email chain containing emails exchanged between Craig Myers and Harry F. Kunselman are attached hereto as Exhibit "6" and incorporated by reference herein.

**THIRTEENTH DEFENSE**

As a result of Myers' assistance, Ferguson was able to keep its school contract for the 2016-2017 school year.

**FOURTEENTH DEFENSE**

Ferguson made the lump sum payment of $10,000 in August of 2016, and began making payments of $19,104.06 per month from September 2016 through January 2017.

**FIFTEENTH DEFENSE**

In a January 2017 Board meeting, BASD elected not to renew its contract with Ferguson and instead awarded the bus contract commencing July 1, 2017 to Frye Transportation.

**SIXTEENTH DEFENSE**

Myers received written notice of the Board's decision in February 2017.

**SEVENTEENTH DEFENSE**

Ferguson stopped making any payments to Myers after January 2017, even though it continued to receive over $100,000 per month from the Beaver Area School District through the remainder of the 2017 school season.

**EIGHTEENTH DEFENSE**

Until February 2017, Ferguson always made regular payments in an amount which was

sufficient for Myers to refrain from commencing an enforcement action against Ferguson, but without waiving its rights to do so.

**NINETEENTH DEFENSE**

At the replevin hearing in this action, Ferguson's representative admitted Ferguson made payments which were less than the amounts specified by the Contracts for years.

**TWENTIETH DEFENSE**

At the replevin hearing in this action, Ferguson's representative admitted that Ferguson owed no less than $17,826.13 per month under the Contracts in 2016, yet did not make a single payment in that amount prior to September 2016.

**TWENTY-FIRST DEFENSE**

At the replevin hearing in this action, Ferguson's representative admitted that Ferguson had accumulated a substantial debt which was in the principal amount of $676,639.51 as of June 10, 2016.

**TWENTY-SECOND DEFENSE**

Despite demand, Ferguson has failed to make the payments due under each of the Contracts beginning in February through present.

**TWENTY-THIRD DEFENSE**

Defendant fails to state, in whole or in part, any claim against Plaintiff upon which relief may be granted.

**TWENTY-FOURTH DEFENSE**

If Defendant has stated any claim for relief, which Plaintiff denies, then, for the purpose of preserving a defense, pending further investigation, Plaintiff asserts that such claim is barred, in whole or in part, by Defendant's failure to take reasonable measures to minimize, mitigate or avoid

the alleged damages or injuries of which it complains.

**TWENTY-FIFTH DEFENSE**

Defendant's claims are barred by accord and satisfaction.

**TWENTY-SIXTH DEFENSE**

Defendant's claims are barred by payment.

**TWENTY-SEVENTH DEFENSE**

Defendant's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, after-acquired evidence, unclean hands and/or laches.

**TWENTY-EIGHTH DEFENSE**

Defendant's losses, if any, were caused by its own acts and omissions, and not by any act or omission of the Plaintiff.

**TWENTY-NINTH DEFENSE**

Defendant's claims are barred, in whole or in part, by the doctrines of offset, setoff and/or recoupment.

**THIRTIETH DEFENSE**

Defendant's claims are barred by the statute of limitations.

**THIRTY-FIRST DEFENSE**

Plaintiff is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in Pennsylvania and/or any other applicable law or statute.

**RESERVATION OF DEFENSES**

Plaintiff reserves the right to add any and all additional defenses as they become known through discovery or investigation.

WHEREFORE, Plaintiff Meyers Equipment Corporation prays that this Honorable Court

dismiss Defendant's Counterclaims with prejudice and judgment be entered in its favor and against Defendant, in an amount in excess of $75,000, plus interests, and costs and expenses of suit, and any other relief it deems just and proper.

Dated: October 17, 2018

Respectfully submitted,

By: */s/ Jason M. Yarbrough*

Robert E. Dauer, Jr., Esquire
Pa. I.D. # 61699
red@muslaw.com
Jason M. Yarbrough, Esquire
Pa. I.D. #93160
jmy@muslaw.com
Gary M. Sanderson, Esquire
Pa. I.D. #313591
gms@muslaw.com

MEYER, UNKOVIC & SCOTT LLP
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
(412) 456-2800
(412) 456-2864 (fax)

Counsel for Plaintiff,
Myers Equipment Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYERS EQUIPMENT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:17-cv-00369-LPL |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| P. FERGUSON TRANSPORTATION, INC. and PHYLLIS HANEY, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 17, 2018, a true and correct copy of the within **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS RAISED BY P. FERGUSON TRANSPORTATION, INC.** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive filings electronically:

Robert O. Lampl, Esquire
Law Offices of Robert O. Lampl
223 Fourth Ave., 4th Fl.
Pittsburgh, PA 15222
rol@lampllaw.com

Harry F. Kunselman, Esquire
Strassburger McKenna Gutnick & Gefsky
444 Liberty Avenue, Suite 2200
Pittsburgh, PA 15222
hkunselman@smgglaw.com

*/s/ Jason M. Yarbrough*
Jason M. Yarbrough, Esquire
Pa. I.D. #93160
jmy@muslaw.com
MEYER, UNKOVIC & SCOTT LLP
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
(412) 456-2800